## AS TO FEES FOR SERVICE ON THE BOARD OF EQUALIZATION.

Circuit Court of Sandusky County.

THE STATE OF OHIO, EX REL E. C. SAYLES, PROSECUTING
ATTORNEY, v. E. H. GANZ.*

Decided, October 9, 1909.

*Office and Officer—Compensation of County Commissioners—Not Entitled to Additional Fees for Services as Members of the Board of Equalization—Sections 897, 2813 and 2813a, Revised Statutes.*

County commissioners are not entitled to additional compensation for
services as members of the board of equalization.

PARKER, J.; WILDMAN, J., and KINKADE, J., concur.

This suit was brought in the court of common pleas on relation of the prosecuting attorney to recover from the defendant, Ganz, monies which it is averred he drew while commissioner of the county as compensation for his services upon the board of equalization; whether upon the annual county board or the decennial county board is not stated. It is said that these monies, amounting in all to $402, were drawn between the 24th day of March, 1904, and the 10th day of November, 1906. What time the services were performed, on account of which these monies were drawn, is not stated in the petition. Between the 24th day of March, 1904, and the 10th day of November, 1906, some change was made in the law with respect to this matter. The view we take of the whole matter, however, renders that unimportant.

The statute in force between both these dates named in the petition (Section 2804 of the Revised Statutes), and for several years before, provided for an annual county board of equalization of real and personal property, monies and credits in each county, to be composed of the county commissioners and the county auditor. Section 2813 of the Revised Statutes provided for a decennial board of equalization to be composed of the county commissioners, the auditor and the surveyor. Section 2813a of the Revised Statutes provided—and these sections still stand as I am stating them—

---

* Affirmed without opinion, *Ganz* v. *State, ex rel*, 83 Ohio State, 468.

"Each member of the decennial county board, including the county auditor and the county surveyor, and each member of the annual county board of equalization shall be entitled to receive for each day necessarily employed in the performance of his duties, including his duties as a member of the board of revision, the sum of three dollars."

From April 24th, 1893, until April 23d, 1904, Section 897 of the Revised Statutes provided for the salaries for county commissioners, though I think there were some exceptions in some counties covered by special acts. At all events, the law provided for the salaries of the county commissioners in Erie county; and before the amendment of this section on the 23d of April, 1904, and the passage of Section 2 of the amendatory act of that date, the law providing for these salaries contains this provision:

"Each county commissioner shall devote his entire time to the duties of his office, and shall receive nothing in addition to the salary so provided, either directly or indirectly, by way of mileage, per diem, expenses paid out or otherwise, except when necessary to go out of their respective counties on official business, each commissioner may in addition to such salary receive his actual traveling expenses, and no more." And it provides how this shall be itemized and allowed.

Now while the law was in that form, a case was presented to us in Erie county, case against Commissioner Halliday. The court of common pleas had held that he was not entitled to extra compensation as a member of the board of equalization. We affirmed that decision, and the decision of this court was affirmed by the Supreme Court, and will be found under the title of *Halliday* v. *State of Ohio*, 70 Ohio St., 460. So that if any part of the services performed by Commissioner Ganz were performed before the amendatory act of April 23d, 1904, that question would be clearly determined by this decision by the Supreme Court to the effect that commissioners were not entitled to such compensation.

The question remains as to how a member would stand as to services performed after the amendment of April 23d, 1904. It will be observed that this act of April 23d, 1893, does not attempt to, nor does it purport to repeal any other law excepting Section 897 which it amended; so that we held and the Supreme Court held that, without any attempt to repeal Sections 2813

and 2813a, the provisions of these last mentioned sections as to the compensation of county commissioners were superceded by the provision of Section 897, R. S., above quoted, and that they were not entitled to the compensation. Now comes the amendatory act of April 23d, 1904, providing for salaries to the county commissioners varying somewhat from the provisions of the former statute upon that subject, and adding another section, which is put in the revision of 1908 of Bates Annotated Statutes as Section 897-2:

"The compensation provided in the preceding section shall be in full payment of all services rendered as such commissioner. But such total compensation shall not exceed the sum of $3,500 per annum."

And by Section 3 of that act (which is not carried into the revision) it is provided that:

"And all other acts or sections of the Revised Statutes, so far as they may be inconsistent with the provisions of this act, be and the same are hereby repealed."

Now can it be that the attempt to repeal all inconsistent acts, and the adding of the provision that the payment of the salary shall be in full payment of all services rendered *as such commissioners* would have the effect of giving the commissioners the benefit of the provision as to fees in Section 2813a, which it had been held by the Supreme Court they were not entitled to before the passage of the act of April 23d, 1904? We do not see how such a contention can be sustained. Of course, the question has not been presented to us in that form, because counsel do not seem to have been advised of our holding in Erie county, and of the affirmation thereof by the Supreme Court; but it comes to that, and that is the way it is presented, in view of that holding; and we think it is entirely clear that there is nothing in this amendatory act of 1904 that could give to the commissioners fees as members of the board of equalization which they were not theretofore entitled to receive.

The common pleas court sustained a demurrer to this petition. We hold that was error, and we hold that the demurrer should be overruled; and therefore the decision will be reversed and the case remanded, with an order that the demurrer shall be over-ruled.